UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KRISPY KRUNCHY FOODS, LLC,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-2985** |
| **JAFAR ABUKHALIL, INC., et al,**<br>    **Defendants** | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is a Motion to Bifurcate Trial filed by plaintiff, Krispy Krunchy Foods, LLC ("KKF").[1] For the following reasons, KKF's Motion to Bifurcate Trial is **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

KKF filed suit against Jafar Abukhalil, Inc., JAZ LLC, Ameer LLC, Franklin Avenue LLC, Jafar Abukhalil, and Imad Abukhalil (collectively, "Quicky's"), the operators of certain convenience stores in New Orleans, Louisiana. KKF's claims arise out of Quicky's alleged use of KKF's trademark and trade dress while selling non-KKF products.[2] KKF seeks to recover against Quicky's for trademark infringement, unfair competition, trademark dilution, and false advertising under federal law.[3] Additionally, KKF states causes of action for trademark infringement, trademark dilution, unfair competition, and unjust enrichment under Louisiana law.[4]

KKF moved to bifurcate the June 30, 2014 bench trial, asking "that the parties

---

[1] R. Doc. 59.

[2] R. Doc. 1.

[3] *Id.* at pp. 17-22.

[4] *Id.* at pp. 23-24.

1

initially make their presentations on all claims and defenses inherent in liability and the appropriateness (availability) of various remedies involved in KKF's trademark infringement claims, with a trial on the quantum of damages to be set for a later date."[5]

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). The decision to bifurcate pursuant to this rule is left to th sole discretion of the district court. *See, e.g., First Texas Savings Assn. v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 (5th Cir. 1992).

KKF asks this Court to bifurcate the trial and try only the following issues at the June 30 trial: (1) whether an accounting of Quicky's profits is warranted under the circumstances; (2) whether enhanced damages under the statute are warranted under the circumstances; (3) whether an award of attorneys' fees is warranted under the circumstances; and (4) what coverage does the Mesa Underwriters Specialty Insurance Company ("MUSIC") Personal and Advertising Injury provisions provide.[6] KKF requests that the Court try the issue of quantum of damages at a later phase. KKF argues bifurcation in this manner will promote judicial efficiency and the expeditious resolution of the case.

The Court agrees that judicial efficiency will be served by bifurcation, but disagrees with KKF's proposed bifurcation model. Exercising its discretion under Rule 42(b), the Court finds it appropriate to bifurcate only the amount of attorneys' fees in the event KKF

---

[5]R. Doc. 59.

[6]*Id.*

is found to be entitled to recover them at the June 30, 2014 trial. At the June 30, 2014 trial, the parties will present claims and defenses relating to all other issues in the case, including KKF's right to recover attorneys' fees. A trial on the amount of attorneys' fees awarded to KKF, if appropriate, will be held on a later date.

## CONCLUSION

For the above stated reasons, **IT IS ORDERED** that KKF's Motion to Bifurcate be and hereby is **DENIED**. The June 30, 2014 bench trial of the above-captioned matter is bifurcated only to the extent that the amount of attorneys' fees, if recoverable, will be tried at a later date.

**New Orleans, Louisiana, this** 28th **day of May, 2014.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**